# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

ONTARIO SAMUELS     CIVIL ACTION NO: 13-1577-P

VERSUS         JUDGE HICKS

LEONARD PIERCE, ET AL.    MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Ontario Samuels ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on June 7, 2013.  Plaintiff is incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana.  He names Parole Officer Leonard Pierce, Parole Officer William Tuggle, Sheriff Steve Prator, Detective Excude, Lt. Winget, Judge Ramona Emanuel, and District Attorney Charles Rex Scott as defendants.

Plaintiff claims that on May 10, 2007, Parole Officer Leonard Price forced him to register as a sex offender.  He claims that when he informed Price that he was not a sex offender, Price threatened to incarcerate him if he did not register.  Plaintiff claims Sheriff Steve Prator, Detective Excude, and Lt. Winget conspired with the parole office to force him to register as a sex offender when they attached his social security number with another person's social security number.  He claims Parole Officer Tuggle refused to correct the

matter.

Plaintiff claims he was incarcerated in 2008 on a parole violation because he was forced to register as a sex offender.  He claims he was released in 2012.

Plaintiff claims that on February 15, 2013, he called the Caddo Parish Sheriff Department for help regarding the requirement that he register as a sex offender.  He claims that a warrant was then issued for his arrest for failure to register as a sex offender.  He claims that on February 18, 2013, he was taken into custody by Parole Officer Milam and booked under two different names and social security numbers.  He claims he was not read his Miranda rights.

Plaintiff claims that on April 22, 2013, he appeared before Judge Ramona Emanuel for the charge of failure to register as a sex offender.  Plaintiff claims that on April 23, 2013 and April 29, 2013, he wrote to Judge Emanuel informing her of the social security issue and that he was not a sex offender.  Plaintiff claims that on May 2, 2013, he wrote to District Attorney Charles Scott and informed him of the situation.

On February 4, 2014, Plaintiff pleaded guilty to one count of failure to register as a sex offender in Louisiana's First Judicial District Court, Parish of Caddo.  He was sentenced to three years imprisonment at hard labor.  See Samuels v. Warden, 5:14-cv-1812.

Accordingly, Plaintiff seeks to have his social security number corrected, Defendants terminated, and monetary compensation.

## LAW AND ANALYSIS

Plaintiff is seeking monetary damages and declaratory and injunctive relief for allegedly unconstitutional convictions and sentences.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner.  The court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and declaratory and injunctive relief for civil rights violations under Section 1983; therefore, he must prove his convictions or sentences have been invalidated.  He has not met this precondition and his complaint must be dismissed

until such time that he can demonstrate that his convictions or sentences have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive and declaratory relief for his allegedly unconstitutional convictions and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 9th day of April, 2015.

Mark L. Hornsby
U.S. Magistrate Judge